IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Renate Evangeline Postelmans,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Whispers, Inc., et al.,  )<br>  )<br>  Defendants.  )  | **ORDER**<br><br>Case No. 1:24-cv-251 |

Plaintiff Renate Evangeline Postelmans ("Postelmans") filed suit in the fall of 2018 against the City of Williston, North Dakota, the City of Williston's mayor, the City of Williston's police chief and police department, the Williams County State's Attorney, Whispers, Inc. ("Whispers"), and Oren Vallevik pursuant to 42 U.S.C. § 1983. Case No. 1:18-cv-214 at Doc. Nos. 1, 3, 4. She claimed that the aforementioned entities and/or individuals had violated her constitutional rights.

The court screened Postelmans' complaint pursuant to 28 U.S.C. § 1915(e)(2). Id. at Doc. No. 8. It concluded, among other things, that the City, Vallevik, and Whispers were not state actors for the purposes of 28 U.S.C. § 1983 and that Postelmans' claims against them were therefore subject to dismissal. Id.

On August 30, 2021, Postelmans filed an amended complaint in which she named Detective Dustin Celandar, in his official capacity, as the sole defendant. Id. at Doc. No. 11. Attached as exhibits to the amended complaint were two additional complaints, hereafter referred to as complaints 2 and 3, in which she asserted different claims against different defendants based on different legal theories than those in her amended complaint. Id. at Doc. No. 11-1 and 11-2. At the court's direction, complaint 2 was given its own case number, Case No. 1:24-cv-251, and deemed

filed as of August 30, 2021.

On January 30, 2025, the court issued an order dismissing complaint 2, finding that Plaintiff had failed to state cognizable claims for breach of contract implied in law or fact, that the relief she sought was not recoverable under contract theory, that her breach of contract claims were otherwise barred by operation of statute, that her "negligence" claim against Oren Vallevick was duplicative of the claim she had asserted against Oren Vallevick in complaint 3, and that her claims of negligence against the remaining defendants was barred by operation of statute.

On February 3, 2025, Defendant filed a Motion to Amend Filing Date or Toll Statute of Limitations. (Doc. No. 14). Attributing her delay in asserting her negligence claims to the court's delay in screening her original Complaint, she requests that the court either equitably toll the statute of limitations or amend her filing date.

The court finds no basis for amend the filing date. Plaintiff's complaint was deemed filed the date it was received. As noted above, it contained claims against different defendants based on different legal theories than those in her amended complaint. As for equitable tolling, it does not appear that North Dakota courts have adopted this doctrine. See Kimball v. Landeis, 2002 ND 162, ¶¶ 23-24, 652 N.W.2d 330, 338 [¶ 24] ("This Court has never adopted the doctrine of equitable tolling.").

Even if North Dakota Courts did adopt the doctrine of equitable tolling, it is not evident that Plaintiff would meet the requirements for its application. "Statutes of limitation protect important interests of certainty, accuracy, and repose, and equitable tolling is an exception to a statute of limitations, which should be used only in exceptional circumstances." Id. (citing Motley v. United States, 295 F.3d 820, 824 (8th Cir.2002). "A party who claims the benefit of an exception to a

statute of limitations bears the burden of showing the exception." Id.

Here, Plaintiff's failure to timely commence this action cannot be fairly attributed to delay in the screening of the complaint in Case No. 1:18-cv-214. Her pleadings in the instant case assert claims against several new defendants and are based on new/different legal theories. The court appreciates Plaintiff's difficulties in proceeding as a pro se, or self-represented, litigant, but that fact does not constitute a basis for tolling the statute of limitations. Cf. Juanes v. OneWorld Cmty. Health, No. 8:23CV134, 2024 WL 5047843, at *2 (D. Neb. Dec. 9, 2024).

Plaintiff's motion (Doc. No. 14) is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 9th day of May, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court